UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REDHAWK HOLDINGS CORP., ET AL**        **CIVIL ACTION**

**VERSUS**                                **NO. 17-819**

**DANIEL J. SCHREIBER, ET AL**            **SECTION: "B"(3)**

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment and Alternatively Judgment on the Pleadings (Rec. Doc. 74), Plaintiffs' Response and Memorandum in Opposition (Rec. Doc. 76), and Defendants' Reply Memorandum (Rec. Doc. 80). For the reasons discussed below,

**IT IS ORDERED** that the motion is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

This case is about an unsuccessful business venture between two experienced businessmen. Plaintiff RedHawk Holdings Corporation ("RedHawk") is a Nevada corporation with its principal place of business in Lafayette Parish, Louisiana. *See* Rec. Doc. 1 at 1. Plaintiff Beechwood Properties, LLC ("Beechwood") is a Louisiana limited liability company with its principal place of business in Lafayette Parish, Louisiana. *See id*. G. Darcy Klug is the CFO and majority shareholder of both Plaintiffs. *See* Rec. Doc. 74-1 at 9. Defendant Daniel J. Schreiber is the former CEO and a former Director of RedHawk. *See id*. Defendant Schreiber is also

the trustee and beneficial owner of at least some of the securities[1] held by Defendant Schreiber Living Trust – DTD 2/08/95. *See* Rec. Doc. 76-1 at 1-2.

In March 2014, American Medical Distributors, Inc. ("AMD") entered into an Asset Purchase Agreement ("APA") with RedHawk. *See* Rec. Doc. 1 at 2. RedHawk agreed to issue AMD or its designees approximately half of RedHawk's shares. *See id*. at 2-3. In exchange, AMD agreed to pay RedHawk $60,000 and to assign RedHawk all of AMD's assets and property. *See id*. at 3. The principal asset was exclusive distribution rights of non-contact thermometers in North, Central, and South America. *See* Rec. Doc. 74-1 at 12.

The transaction, known as the AMD-RedHawk Transaction, was executed as provided in the APA. *See* Rec. Doc. 1 at 4. Plaintiff Beechwood and Defendants provided AMD $60,000; thereafter, AMD paid $60,000 to RedHawk and assigned RedHawk all of its assets including the distribution rights of the non-contact thermometers. *See id*. In exchange, RedHawk assigned the agreed-upon shares to four designees of AMD. *See id*. The four designees were Beechwood, Schreiber Trust, Howard Taylor, and Paul Rachmuth. *See id*.

All stemming from the executed transaction, Plaintiffs allege numerous fraudulent misrepresentations and omissions and contract

---

[1] There is a dispute as to which securities are held by Defendant Schreiber. Defendants contend that Defendant Schreiber holds all of them. *See* Rec. Doc. 76-1 at 1-2. Plaintiffs contend that he only holds certain ones. *See id*.

breaches by Defendant Schreiber. *See* Rec. Doc. 74-1 at 9. There are three main allegations that give rise to their cause of action. First, Plaintiffs allege that Defendant, along with Paul Rachmuth who served as a counsel for AMD and Beechwood in the transaction, failed to disclose possible patent infringement litigation that significantly impaired the value of the distribution rights assigned to RedHawk. *See* Rec. Doc. 1 at 4. Second, Defendant Schreiber failed to uphold his agreement with Beechwood to split RedHawk's expenses on a 50/50 basis and contribute to other assets. *See id*. at 11-14. Third, Defendant Schreiber failed to disclose his past SEC issues to RedHawk and its investors. *See* Rec. Doc. 76 at 7-8.[2]

On January 31, 2017, Plaintiffs filed a six-claim Complaint. *See* Rec. Doc. 1. Specifically, Plaintiffs allege (1) Securities Fraud under Sections 10B and 20 of the Exchange Act and SEC Rule 10b-5; (2) Securities Fraud under Sections 18 and 20 of the Exchange Act; (3) Fraud under State Law; (4) By Beechwood for Breach of Contract; (5) By Beechwood for Unjust Enrichment; and (6) By RedHawk for Defendant Schreiber's Breach of Fiduciary Duties. *See id*. at 19-29.

---

[2] In 2009, following allegations of bribery to the Securities and Exchange Commission ("SEC"), Defendant Schreiber entered into a consent judgment with the SEC and agreed to pay a civil penalty. *See* Rec. Doc. 76-1 at 3. In November 2015, the FINRA denied RedHawk's request to change its stock symbol because of its affiliation with Defendant Schreiber. *See* Rec. Doc. 74-1 at 12.

3

On June 15, 2018, Defendants filed a Motion for Summary Judgment and Alternatively Judgment on the Pleadings (Rec. Doc. 74-1). On July 19, 2018, Plaintiffs filed a Response and Memorandum in Opposition (Rec. Doc. 78). On August 2, 2018, Defendants filed a Reply Memorandum (Rec. Doc. 80).

**LAW AND ANALYSIS**

**A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); s*ee also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *See United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

**B. Defendants are entitled to summary judgment on all claims.**

    **a. Defendants are entitled to summary judgment on Claim 1, Claim 2, and Claim 3 because Plaintiffs' claims are prescribed as a matter of law as Plaintiffs knew of Defendant Schreiber's SEC issues in August 2014.**

5

Plaintiffs offer several theories in their attempt to satisfy Claim 1, Claim 2, and Claim 3. *See* Rec. Doc. 76 at 13-17. This section analyzes the theory that is based on Defendant Schreiber's alleged failure to disclose his FINRA fraud and SEC issues. The other theories are addressed, and disposed of, in the latter sections.

Claims under Sections 10 and 20 "may be brought no later than the earlier of (1) 2 years after discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). Claims under Section 18 shall not be maintained to enforce liability "unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued." 15 U.S.C. § 78r(c). Fraud under Louisiana state law is subject to "liberative prescription of one year." La. C.C. Art. 3492.

Generally, under federal law, the running of a prescriptive period starts when the aggrieved party has knowledge of the facts forming the basis of their cause of action. *See Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988) (stating that this rule is applicable to actions for securities fraud). Specifically, with securities fraud, the controlling date for the commencement of the running of statute of limitations is when a purchaser of securities knew or, in the exercise of reasonable diligence, should

have known of the alleged wrongdoing. *See Rowten v. Wall St. Brokerage L.L.C.*, 2016 U.S. App. LEXIS 7363 *1, *8 (5th Cir. Tex. 2016) citing to *Topalian v. Ehrman*, 954 F.2d 1125, 1133 (5th Cir. 1992).

It is undisputed that Plaintiffs were aware of Defendant Schreiber's SEC issues in August 2014.[3] Plaintiffs argue that the commencement of the running is "well into 2016" because that is when Plaintiff realized Defendant Schreiber's state of mind as to his SEC's issues. *See* Rec. Doc. 76 at 19. This argument is unconvincing. *See Topalian*, 954 F.2d at 1133-1134 (stating that general allegations suggesting concealment of fraud are not enough to survive summary judgment). Plaintiffs also argue that it was not until March 2016 that they knew RedHawk would be restricted because of its affiliation with Defendant Schreiber. *See* Rec. Doc. 76 at 19. Plaintiffs may have not known the extent of Defendant Schreiber's issues or that his issues would limit their operation. But, that does not negate the fact that Plaintiffs knew of the facts forming the basis of their claims. Plaintiffs should have inquired further into Defendant Schreiber's issues and their consequences. *See Rowten*, 2016 U.S. App. LEXIS 7363 at *8 (5th

---

[3] "Plaintiffs do not dispute that Klug was informed of the need to disclose [Defendant] Schreiber's past SEC issues in connection with Red[H]awk in August 2014, or that Red[H]awk disclosed these issues in its 10-k filing for the fiscal year ending January 31, 2015." Rec. Doc. 80 at 2 citing to "Plaintiffs' Response to Defendants' Statement of Uncontested Material Facts at 5."

7

Cir. Tex. 2016)("If a reasonable person would inquire further, a plaintiff must proceed with a reasonable and diligent investigation of the facts the plaintiff has learned and is charged with the knowledge of all facts such an investigation would have disclosed.").[4] Throughout their pleadings, Plaintiffs state that Defendant Schreiber continuously mislead them from the start of the transaction. Klug stated in an email that he had been "building a file" since 2014. Rec. Doc. 74-1 at 29. Plaintiffs were not free to ignore these facts. *See Conwill v. Greenberg Traurig, L.L.P.*, 2010 U.S. Dist. LEXIS 76824 *1, *7 (E.D. La. 2002) citing to *Jensen v. Snellings*, 841 F.2d 600, 607 (5th Cir. 1988) (stating that plaintiffs are not allowed to leisurely discover the full details of the alleged scheme).

The prescriptive period began to run in August 2014, allowing Plaintiffs to bring Claim 1 no later than August 2016, Claim 2 no later than August 2015, and Claim 3 no later than August 2015. Plaintiffs filed their complaint in January 2017, well after the time required by law. Therefore, summary judgment as to Claim 1, Claim 2, and Claim 3 is necessary.

    b. **Even if Plaintiffs can establish the existence of an oral contract, Defendants are entitled to summary**

---

[4] Plaintiffs suggest collusion between Defendant Schreiber and Paul Rachmuth (who served as a counsel for AMD and Beechwood in the transaction). Specifically, Plaintiffs suggest that Defendant Schreiber ordered Paul Rachmuth to not conduct due diligence on the transaction. *See* Rec. Doc. 76 at 4.

**judgment on Claim 4 because Plaintiff Beechwood ratified the alleged fraud and breaches.**

Ratification occurs when one, induced by fraud, enters a contract and continues to accept benefits under the contract after he becomes aware of the fraud. *See LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 461 (5th Cir. 2011) citing to *Olney Sav. & Loan Assoc. v. Trinity Banc Sav. Assoc.*, 885 F.2d 266, 271 (5th Cir. 1989). To prove ratification, a defendant must establish that the plaintiff (1) had full knowledge of the fraud or breach at the time of ratification and (2) a voluntary intentional choice to ratify the conduct in light of such knowledge. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 759 (N.D. Tex. 2017). If acts of ratification are genuinely disputed, the issue of ratification becomes one for the trier of fact to establish. *See id.*

It is undisputed that Plaintiff Beechwood continued to purchase RedHawk stock after learning of the issues that are the source of this lawsuit.[5] Plaintiff purchased RedHawk stock days after learning of patent infringement litigation against similar thermometers ("Exergen litigation"). Plaintiff went on to purchase enough stock to become majority shareholder of RedHawk within one

---

[5] Defendants contend that "Klug acquired **millions** of shares throughout the time [Defendant] Schreiber remained involved in [RedHawk], after [Defendant] Schreiber's removal, and most importantly, **after this lawsuit was** filed." Rec. Doc. 74-1 at 29.

month of alleged misrepresentations. Plaintiff Beechwood, through Klug, continued to purchase stock on a regular basis for some time, even after this lawsuit was filed. *See* Rec. Doc. 74-1 at 19. Plaintiffs allege that the effects of the alleged fraud were reflected in the share prices at the time of the purchases. This is unconvincing and insufficient to overcome summary judgment. Therefore, the Court finds, as a matter of law, that Plaintiff Beechwood ratified any alleged misrepresentations or breaches and summary judgment as to this claim is warranted. Plaintiff's conclusory allegations do not create disputed material facts.

### c. Defendants are entitled to summary judgment on Claim 5 because Plaintiff Beechwood is precluded from asserting an unjust enrichment claim.

In relevant part, the Louisiana Civil Code states that an unjust enrichment claim shall not be available if another remedy provided by law is available. *See* La. Civ. Code art. 2298. "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC,* 38 So. 3d 243, 244 (La. 2010). Hence, if a plaintiff brings a claim on an express or implied contract, that claim precludes the application of an unjust enrichment theory because the potential claim constitutes another remedy provided by law. *See Jackson v. Capitol City Family Health Ctr.*, 928 So. 2d 129, 133 (La. App. 1 Cir. 12/22/05); *see also Richard v. Walmart-Mart Stores, Inc.*, 559 F. 3d 341, 346 (5th Cir. 2009) (stating

that unjust enrichment is subsidiary, correct in nature, and "will only be allowed when there is no other remedy at law"). The outcome of the potential claim is irrelevant to preclusion of the application. *See Patterson v. Dean Morris, L.L.P.*, 2011 WL 1743617 (E.D. La. May 6, 2011) (stating that a plaintiff is not entitled to recover under the theory of unjust enrichment because they are unsuccessful on another available remedy).

Plaintiff Beechwood, through Claim 4, asserts a claim on an express or implied contract. *See* Rec. Doc. 1. Therefore, their unjust enrichment claim is precluded and summary judgment as to this claim is necessary.

### d. Defendants are entitled to summary judgment on Claim 6 because the patent infringement litigation against the thermometer technology was speculative and there is no duty to disclose speculative litigation.

To prevail on a claim for breach of fiduciary duty under Louisiana law, a plaintiff must prove that there was a fiduciary duty owed to them by the defendant, the defendant acted in a way to violate that duty, and that the plaintiff was damaged as a result of those actions. *See Jobe v. ATR Mktg., Inc.*, 1998 U.S. Dist. LEXIS 18171, *1, *22 (5th Cir. 1998). It is well established that fiduciary duties are owed when there is a relationship between a director or officer and a corporation. *See id* at 23. There is no violation of fiduciary duties when there is no duty to disclose.

See *In re Enron Corp. Secs.*, 235 F. Supp. 2d 549, 574 (S.D. Tex. 2002). There is no duty disclose speculative litigation.[6]

It is undisputed that the patent infringement litigation against the thermometer technology obtained by RedHawk was speculative. To date, there has been no patent infringement claims brought against Defendant RedHawk. Plaintiffs offer only conclusory allegations that RedHawk would have been sued had it sold the thermometers. That is not enough. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)(stating that mere conclusory allegations are insufficient to defeat summary judgment); *see also* FED. R. CIV. P. 9(b) (establishing that allegations of fraud must be stated with particularity). Without pointing to more in the pleadings or discovery materials, summary judgment as to Claim 6 is warranted.

New Orleans, Louisiana, this 9th day of October, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Fifth Circuit case law is lacking on this issue. Defendants offer several Second Circuit cases to support their position. *See* Rec. Doc. 74-1 at 22-23. Plaintiffs attempt to counter Defendants' argument but the cases offered by Plaintiff do not seem to be on point. *See* Rec. Doc. 76 at 24.