```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**REDHAWK HOLDINGS CORP., ET AL**                **CIVIL ACTION**

**VERSUS**                                        **NO. 17-819**

**DANIEL J. SCHREIBER, ET AL**                    **SECTION: "B"(2)**

<u>ORDER AND REASONS</u>

Before the Court is Plaintiffs RedHawk Holdings Corp. and Beechwood Properties, LLC's ("Plaintiffs") Motion for New Trial (Rec. Doc. 129) and Defendants Daniel Schreiber, individually, and as Trustee of the Schreiber Living Trust – DTD 2/08/95's ("Defendants") Opposition to Motion for New Trial (Rec. Doc. 134). There is no reply. For the reasons discussed below,

**IT IS ORDERED** that the motion for new trial is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

This case is about an unsuccessful business venture between two experienced businessmen. Plaintiff RedHawk Holdings Corporation ("RedHawk") is a Nevada corporation with its principal place of business in Lafayette Parish, Louisiana. *See* Rec. Doc. 1 at 1. Plaintiff Beechwood Properties, LLC ("Beechwood") is a Louisiana limited liability company with its principal place of business in Lafayette Parish, Louisiana. *See id*. G. Darcy Klug is the CFO and majority shareholder of both Plaintiffs. *See* Rec. Doc. 74-1 at 9. Defendant Daniel J. Schreiber ("Defendant Schreiber") is the former CEO and a former Director of RedHawk. *See id*. Defendant Schreiber is

1

also the trustee and beneficial owner of at least some of the securities[1] held by Defendant Schreiber Living Trust – DTD 2/08/95. *See* Rec. Doc. 76-1 at 1-2.

In March 2014, American Medical Distributors, Inc. ("AMD") entered into an Asset Purchase Agreement ("APA") with RedHawk. *See* Rec. Doc. 1 at 2. RedHawk agreed to issue AMD or its designees approximately half of RedHawk's shares. *See id*. at 2-3. In exchange, AMD agreed to pay RedHawk $60,000 and to assign RedHawk all of AMD's assets and property. *See id*. at 3. The principal asset was exclusive distribution rights of non-contact thermometers in North, Central, and South America. *See* Rec. Doc. 74-1 at 12.

The transaction, known as the AMD-RedHawk Transaction, was executed as provided in the APA. *See* Rec. Doc. 1 at 4. Plaintiff Beechwood and Defendants provided AMD $60,000; thereafter, AMD paid $60,000 to RedHawk and assigned RedHawk all of its assets including the distribution rights of the non-contact thermometers. *See id*. In exchange, RedHawk assigned the agreed-upon shares to four designees of AMD. *See id*. The four designees were Beechwood, Schreiber Trust, Howard Taylor, and Paul Rachmuth. *See id*.

All stemming from the executed transaction, Plaintiffs allege numerous fraudulent misrepresentations and omissions and contract breaches by Defendant Schreiber. *See* Rec. Doc. 74-1 at 9. There are

---

[1] There is a dispute as to which securities are held by Defendant Schreiber. Defendants contend that Defendant Schreiber holds all of them. *See* Rec. Doc. 76-1 at 1-2. Plaintiffs contend that he only holds certain ones. *See id*.

three main allegations that give rise to their cause of action. First, Plaintiffs allege that Defendant, along with Paul Rachmuth who served as a counsel for AMD and Beechwood in the transaction, failed to disclose possible patent infringement litigation that significantly impaired the value of the distribution rights assigned to RedHawk. *See* Rec. Doc. 1 at 4. Second, Defendant Schreiber failed to uphold his agreement with Beechwood to split RedHawk's expenses on a 50/50 basis and contribute to other assets. *See id*. at 11-14. Third, Defendant Schreiber failed to disclose his past SEC issues to RedHawk and its investors. *See* Rec. Doc. 76 at 7-8.[2]

On January 31, 2017, Plaintiffs filed a six-claim Complaint. *See* Rec. Doc. 1. Specifically, Plaintiffs allege (1) Securities Fraud under Sections 10B and 20 of the Exchange Act and SEC Rule 10b-5; (2) Securities Fraud under Sections 18 and 20 of the Exchange Act; (3) Fraud under State Law; (4) By Beechwood for Breach of Contract; (5) By Beechwood for Unjust Enrichment; and (6) By RedHawk for Defendant Schreiber's Breach of Fiduciary Duties. *See id*. at 19-29.

On June 15, 2018, Defendants filed a Motion for Summary Judgment and Alternatively Judgment on the Pleadings (Rec. Doc. 74-1). On July 19, 2018, Plaintiffs filed a Response and Memorandum in

---

[2] In 2009, following allegations of bribery to the Securities and Exchange Commission ("SEC"), Defendant Schreiber entered into a consent judgment with the SEC and agreed to pay a civil penalty. *See* Rec. Doc. 76-1 at 3. In November 2015, the FINRA denied RedHawk's request to change its stock symbol because of its affiliation with Defendant Schreiber. *See* Rec. Doc. 74-1 at 12.

Opposition (Rec. Doc. 78). On August 2, 2018, Defendants filed a Reply Memorandum (Rec. Doc. 80).

On October 15, 2018, this Court entered an Order and Reasons, granting summary judgment in favor of Defendants and thereby dismissing all of Plaintiffs' claims (Rec. Doc. 122). On November 13, 2018, Plaintiffs filed a Motion for New Trial, seeking reconsideration of summary judgment in favor of Defendants (Rec. Doc. 129). On November 27, 2018, Defendants filed an Opposition to Motion for New Trial (Rec. Doc. 134). On December 5, 2018, Plaintiffs filed a motion for leave to file a reply, but the motion was denied (Rec. Doc. Nos. 135, 136).

**LAW AND ANALYSIS**

Rule 54(b) states that ". . . any order . . . that adjudicates fewer than all the claims . . . does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . .." Accordingly, a district court possesses inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

In the Fifth Circuit, Rule 54(b) motions to reconsider interlocutory orders are analyzed and decided as Rule 59(e) motions to alter or amend final judgments. *See NUSSLI US, LLC v. Motorsports Host Comm.*, Inc., 2016 U.S. Dist. LEXIS 152915 *1, *19 (E.D. La. 2015). Specifically, in the Eastern District of Louisiana, courts

4

generally analyze four factors. *See Bernard v. Grefer*, 2015 U.S. Dist. LEXIS 71039 *1, *16 (E.D. La. 2015). The four factors are

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *See NUSSLI US, LLC*, 2016 U.S. Dist. LEXIS 152915 at *19.

For a court to grant a motion to reconsider, the movant must clearly establish a manifest error of law or fact or present newly discovered evidence. *See Bernard*, 2015 U.S. Dist. LEXIS 71039 at *17.

It is well-established that motions to reconsider are not for rehashing evidence, legal theories, or arguments. *See NUSSLI US, LLC*, 2016 U.S. Dist. LEXIS 152915 at *19. Instead, said motions are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *See id*. "When there exists no independent reason for reconsideration other than mere disagreement with [the previously issued] order, reconsideration is a waste of judicial time and resources and [therefore the motion] should not be granted." *Id.*

Here, Plaintiffs fail to clearly establish a manifest error of law or fact or present newly discovered evidence. Plaintiffs argue that their motion is necessary to correct the Court's error of applying Texas law to their claims of breach of contract and fraudulent misrepresentations. Specifcally, Plaintiffs offer state law from Louisiana and California to establish the applicable rule.

The Court properly relied on Fifth Circuit precedent in its analysis. Plaintiffs restate arguments that were in their Opposition to the underlying motion for summary judgment. Their restatements reflect mere disagreement rather than independent reason for reconsideration. The Court will not relitigate these issues again. Plaintiffs continue to argue that the incorrect prescription period was applied to their fraud claims. Specifcally, Plaintiffs argue that the Court should have applied a longer prescriptive period. The Court will not relitigate this issue. The motion to reconsider is not necessary to prevent manifest injustice. Plaintiffs make no argument that there has been an intervening change in controlling law. Therefore, the previously issued Order and Reasons in favor of Defendants shall remain in effect.

New Orleans, Louisiana, this 22nd day of January, 2019.

SENIOR UNITED STATES DISTRICT JUDGE